# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| Jerome Curry, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 0:20-cv-2375-TMC |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Al Cannon, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jerome Curry ("Petitioner"), a state pretrial detainee proceeding *pro se*, filed this habeas action using a standard form petition for relief under 28 U.S.C. § 2241. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Before the court is the magistrate judge's Report and Recommendation ("Report") recommending that this habeas petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 9 at 5).

Petitioner alleges that during his confinement at the Al Cannon Detention Center, his Constitutional rights were abridged when he was denied, among other things, access to a shower, medical and mental health treatment, use of a phone, and recreation time. (ECF No. 1 at 6–7). Petitioner further claimed he was

impermissibly placed in lockdown, forced to eat in his cell without explanation and forced to sleep on the floor without a mat. *Id*. at 7–9. Additionally, Petitioner alleges he was being held on unconstitutionally excessive bail. *Id*. at 2. As a result of these alleged constitutional injuries, Petitioner seeks to be released from the Al Cannon County jail and either allowed to remain free on a "PR bond . . . until [the] court date" or transferred to a different facility. *Id*. at 13. Petitioner raised these same claims in a previous habeas action that the court summarily dismissed without prejudice and without issuance and service of process. *See Curry v. Cannon*, No. 0:20-cv-2374-TMC, 2020 WL 6281520, at *2 (D.S.C. Oct. 27, 2020).

The magistrate judge subsequently issued the Report finding that Petitioner was seeking habeas relief based on claims challenging the conditions of his confinement. (ECF No. 9 at 3). The magistrate judge concluded that Petitioner's conditions of confinement claims fail to state a claim upon which habeas relief could be granted and that these claims are frivolous because they are duplicative of previously rejected claims. *Id.* at 4. With respect to Petitioner's excessive bail claim, the magistrate judge determined that Petitioner is inviting the federal courts to interfere with state criminal proceedings in which Petitioner could raise the excessive bail issue. *Id*. at 4–5. Petitioner was advised of his right to file

objections to the Report, but he has not done so and the time for filing objections has lapsed. *Id.* at 7.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

Having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's conclusions and recommendations in the Report (ECF No. 9), which are incorporated herein by reference. Therefore, this case is **DISMISSED** without prejudice and without requiring Respondent to file a return.

Additionally, as the magistrate judge noted, the disposition of this action will constitute a "strike" for purposes of 28 U.S.C. § 1915(g) as a result of the duplicative and frivolous nature of Petitioner's action.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
January 15, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.